IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES, for the Use of
ELEVATOR TECHNOLOGY, a
California corporation,

      Plaintiff,

  v.

FLAGG BUILDING IMPROVEMENTS, et
al.,

      Defendants.

Civ. S-06-1443 JAM GGH

ORDER GRANTING MOTION TO FILE
COUNTERCLAIM

    This matter comes before the Court on Defendant Flagg Building Improvements' ("FBI") motion to file a counterclaim pursuant to Rule 13(e) of the Federal Rules of Civil Procedure.[1]

---

[1] Defendant's motion, filed January 14, 2008, sought to continue discovery and trial beyond the dates set by the Scheduling Order at Docket 10. On September 5, 2008 at Docket 62, this Court issued a Status (Pre-Trial Scheduling) Order, which extended discovery and trial. Pursuant to the Status Order at Docket 62, discovery is to be completed by January 21, 2009 and trial is set for June 8, 2009.

1

Plaintiff Elevator Technology ("ET") opposes the motion.  For the reasons set forth below, Defendant's motion is GRANTED.[2]

Federal Rule of Civil Procedure 13(e) provides, in pertinent part: "[a] claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading."  Fed.R. Civ. P. 13(e).  Courts have construed Federal Rule 13 in conjunction with Federal Rule 15, applying factors to consider for leave to amend to counterclaims.  See Intel v. Hyundai Elec. America, Inc., 692 F. Supp. 1113, 1117 (N.D. Cal. 1987).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'  But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).  "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend."  DCD Programs, Ltd. v. Leighton,833 F.2d 183, 186 (9th Cir. 1986).

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D.Cal. L.R. 78-230(h).

Here, because it does not appear that FBI's proposed counterclaim would substantially alter the nature of the litigation or require significant additional discovery or cause substantial delay, it cannot be said Plaintiff would suffer substantial prejudice by the delay in FBI's filing a counterclaim. See Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda., 220 F.R.D. 614, 622 (C.D. Cal. 2003) ("'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.' "); see also In re Circuit Breaker Litigation, 175 F.R.D. 547, 551 (C.D. Cal. 1997) ("The need for additional discovery is insufficient by itself to deny a proposed amended pleading."); Moore ex rel. Moore v. County of Kern, 2007 WL 2802167, *6 (E.D. Cal. 2007) (the mere fact of some additional discovery does not necessarily amount to the substantial prejudice required for denying leave to amend where no substantial delay would result). While it is clear that FBI could have acted more expeditiously in requesting leave to file a counterclaim, it appears granting the motion will not delay the final resolution of this action. Therefore, granting the requested relief will not, as ET claims, cause undue prejudice

by unnecessarily prolonging the litigation.  Pl's Opp., Feb. 1, 2008, 4:22.  Moreover, the Court finds FBI's proposed counterclaim for breach of contract to recover liquidated damages has merit and is not precluded by bad faith or futility.

In short, after carefully considering the papers submitted in this matter, it is hereby ordered that leave to file a counterclaim, pursuant to Rule 13(e), is GRANTED.  Defendant has fifteen (15) days from service of this Order to file its counterclaim.

IT IS SO ORDERED.

Dated:  October 6, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE