|   |   |
|---|---|
| 1 | |
| 2 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES, for the Use of ELEVATOR TECHNOLOGY, a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> FLAGG BUILDING IMPROVEMENTS, a California corporation; KOO CONSTRUCTION, a California corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation; and DOES 1 through 25, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:06-CV-01443 JAM GGH <br><br> ORDER DENYING MOTION TO DISMISS |
|---|---|---|

Elevator Technology ("ET") brought this action against Flagg Building Improvements ("Flagg"), KOO Construction, and Travelers Casualty and Surety Company of America for claims stemming from the installation of an elevator. Flagg subsequently filed a Motion to Dismiss for Failure to Prosecute under Rule 41(b). ET opposed the Motion. For the reasons stated below, Flagg's Motion to Dismiss is DENIED.[1]

---

[1] This motion was set for hearing before the Court on March 25,

BACKGROUND

ET first filed this action on June 28, 2006. Docket at 1. Since the Complaint was filed, the trial dates and other deadlines in this matter have been modified numerous times. On January 23, 2008, Flagg filed a motion for summary judgment that was denied by the Court on April 2, 2008. Docket at 17, 46. At an April 4, 2008 pre-trial conference, the Court vacated the trial date and ordered the parties to participate in a settlement conference. When settlement was not reached, the Court ordered the parties to prepare a joint status report. Docket at 58. In preparing the report, the parties communicated and agreed that the mutual exchange of documents would suffice for purposes of disclosure. Discovery was to be completed by January 21, 2009. Docket at 62. Trial is currently set for June 8, 2009. Id.

Flagg alleges that on December 17, 2008 it sent Elevator Technology two CD-ROMs containing its production. In response, Elevator Technologies sent formal discovery requests and noticed a deposition of one of Flagg's witnesses, but produced no documents. Flagg responded by stating that its witness was unavailable for deposition on the requested date. On February 25, 2009, Flagg filed its Motion to Dismiss for Lack of Prosecution. Docket at 67.

OPINION

Rule 41(b) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a claim for failure to prosecute. "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." Thompson v. Housing

---

2009. Neither party appeared at the hearing. Accordingly, the Court has determined that this motion is suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

1 | <u>Authority of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir. 1986).
Because dismissal is such a severe remedy, the Ninth Circuit requires a District Court to consider five factors before its imposition:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.

<u>Id.</u> Flagg argues that it has been prejudiced by ET's failure to provide disclosures as required by Rule 26(a)(1). Both parties agreed that document exchange would satisfy the initial disclosure requirement. When ET provided Flagg with its initial disclosures after the filing of the instant motion, each document had been previously produced either during settlement negotiations or the summary judgment process. <u>See</u> Trost Decl. ¶ 2, Docket at 84. Therefore, Flagg was in possession of all the documents it would have had if ET had made its disclosure in accordance with the agreement of the parties. Because ET has failed to show that it was prejudiced in any way by ET's failure to provide initial disclosures, dismissal under Rule 41(b) is inappropriate. Accordingly, Flagg's Motion to Dismiss is DENIED.

    IT IS SO ORDERED.

Dated: March 30, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE