

**FILED**

MAY **14** 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFO

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES, for the Use of ELEVATOR TECHNOLOGY, a California Corporation,

Plaintiffs,

v.

FLAGG BUILDING IMPROVEMENTS, a California corporation; KOO CONSTRUCTION, a California corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation; and DOES 1 through 25, inclusive,

Defendants.

Case No.S:06-CV-01443 JAM-GGH

**AMENDED PRETRIAL CONFERENCE ORDER**

Pursuant to court order, a Pretrial Conference was held on April 29, 2009 before Judge John Mendez. Thomas G. Trost and Gregory L. Maxim appeared as counsel for plaintiffs; Matthew D. Pearson appeared as counsel for defendants Flagg Building Improvements and Travelers Casualty and Surety Company of America; Annie S. Amaral appeared as counsel for defendant KOO Construction. On April 30, 2009, the Court issued its Pretrial Conference Order. Objections and proposed Exhibit Lists were timely filed by the

1

```
 1  parties subsequent to the issuance of the Pretrial Order.  The
 2  Court overrules Plaintiff's objections to the Pretrial Order since
 3  they are based on a misunderstanding of comments made by the Court
 4  at the Pretrial Conference hearing.  The Court intends to read the
 5  undisputed facts to the jury at trial along with the joint
 6  statement of the case to be submitted by the parties.  The Court
 7  has incorporated the parties' Proposed Exhibit Lists into this
 8  Amended Pretrial Conference Order which now supercedes the April
 9  30, 2009 Pretrial Conference Order in this case.
10              I.   JURISDICTION/VENUE
11      Jurisdiction is predicated upon 40 U.S.C. § 3133 and 29 U.S.C.
12  § 1391(b), and has previously been found to be proper by order of
13  this court, as has venue.  Those orders are confirmed.
14              II. JURY/NON-JURY
15      Both parties have demanded a jury trial.
16              III. STATEMENT TO BE READ TO JURY
17      Seven days prior to trial the parties shall submit a joint
18  statement of the case that may be read to the jury at the beginning
19  of jury selection.
20              IV. UNDISPUTED FACTS
21      On September 14, 2004, Defendants Flagg Building Improvements
22  ("FBI") and K.O.O. Construction ("KOO") (hereinafter collectively
23  "JV") were awarded a contract by the United States of America,
24  through the United States Army Corps of Engineers for a work
25  improvement project consisting of an emergency generator building
26  and elevator upgrade for the American River Watershed Project and
27  Folsom Dam modifications in Folsom, California ("Project").  On
28  September 21, 2004, Defendants JV, as principal, and the Defendant
```

1  Travelers Casualty and Surety Company of America, as surety,
2  executed a Performance Bond for $3,659,189.00 guaranteeing the
3  payment to all persons supplying labor and materials in the
4  prosecution of the work provided for the Project.

5      On March 14, 2005, Leonard Bates, on behalf of Elevator
6  Technology ("ET") executed a subcontract with JV for the
7  performance of a part of the work described in the general contract
8  between Defendants Flagg Building Improvements and K.O.O.
9  Construction and the United States of America ("Subcontract").  The
10 Subcontract specified that ET would furnish all labor, materials,
11 tools, equipment and supplies necessary to install new MCE, SCR
12 elevator controls and related equipment, included installation of
13 controls, elevator control panels, door equipment, car and hall
14 pushbutton fixtures, cables, wiring, and testing of the elevator
15 located at the Project.  Originally, per their agreement, ET was to
16 be paid the sum of $247,850.00 for the work to be provided on the
17 Project.

18     On March 14, 2005, a signed copy of the Subcontract was
19 provided by ET to FBI for review and signature.

20     On August 18, 2005, a weekly Project performance meeting was
21 held at the Project site, where FBI, KOO, Army Corps of Engineers
22 (ACOE) and ET employees were present.  During this meeting, FBI
23 expressed concern as to whether the elevator portion of the Project
24 would be completed by August 31, 2005.  ET's vice president,
25 Leonard Bates, indicated to Mr. Flagg that it would not be possible
26 to complete the elevator portion of the Project prior to August 31,
27 2005 due to alleged significant delays unless ET's employees put in
28 overtime on the Project.  Mr. Flagg requested that ET's employees

3

1  put in the overtime to make the Project happen, at which point, Mr.
2  Bates informed Mr. Flagg that his employees would need to be
3  compensated for the additional overtime.

4  Following the August 18, 2005 meeting, ET and its employees
5  put in overtime from August 18th through the 31st (including working
6  late into the night on several occasions) to ensure the elevator
7  was ready for testing on or before August 31, 2005. As a result of
8  this additional work and overtime, the Project was inspected by
9  Mike Corlew, an ACOE consultant from Paul Pitfield & Associates on
10 August 31, 2005. During this inspection, Mr. Corlew tested the
11 elevator rope gripper approximately 30 times and found it to be
12 satisfactory.

13 Upon the completion of the initial inspection, ET completed
14 the list of punchlist items and communicated to Mr. Corlew that the
15 Project was ready for final inspection and permit issuance as all
16 remaining items had been addressed. Due to the impending Labor Day
17 holiday, however, Mr. Corlew indicated he would not be able to get
18 back out to the site for final inspection until September 6, 2005.

19 On September 6, 2005, Mr. Corlew returned and performed the
20 final inspection and accepted and signed off on the completed work
21 by ET, finding the work to be within Project specifications and
22 compliant with all applicable codes.

23 On September 6, 2005, Mr. Corlew returned and performed an
24 inspection and accepted and signed off on the work by ET. Mr.
25 Corlew did not issue a final permit for the Project at that time.

26 Also on September 6, 2005, ET informed FBI that Mr. Corlew had
27 signed off on the work by ET. It is undisputed that, based on
28 these representations, FBI informed ET that it anticipated that ET

4

1 would receive its final payment on approximately October 20, 2005,
2 provided that ET submitted all required documentation.

3 On September 22, 2005, FBI issued to ET a 48 hour notice to
4 complete its work, demanding the ET complete some very minor items
5 and issue a credit for the governor and governor cable that was not
6 replaced.

7 On September 22, 2005, ET informed KOO that it would not
8 replace the governor or governor cable.

9 On August 15, 2006, after several months of investigating the
10 rope gripper problems, the ACOE requested that the joint venture
11 correct the installation of the rope gripper "through a redesign of
12 the Rope Gripper mounting that will meet the manufacturer's
13 criteria."

14 On August 25, 2006, ET's counsel represented that ET would
15 perform the correction.

16 On August 30, 2006, in response to an inquiry by ET, the Rope
17 Gripper manufacturer, Hollister-Whitney Elevator Corporation,
18 agreed with ET's interpretation of installation requirements for
19 the rope gripper.

20 On January 16, 2007, FBI issued a Final Notice to Perform to
21 ET in response to its failure to correct the Rope Gripper
22 installation.

23 In February 2007, ET submitted a proposed modification,
24 designed by an engineer hired by ET, of the rope gripper
25 installation for the ACOE's approval, which submittal was approved.
26 ET completed its work on the Rope Gripper on April 19, 2007.

27 V. DISPUTED FACTUAL ISSUES

28 A. Plaintiffs

5

1        The following material factual issues are in dispute: (1) when
2   Flagg Building Improvements and KOO Enterprises executed and
3   provided a signed copy of the subcontract to ET; (2) when the Joint
4   Venture provided the Project Job Specification to ET; (3) whether
5   ET completed its obligations by August 31, 2005, and if not,
6   whether ET was excused from timely performing its obligations;
7   (4) whether ET's installation of the rope gripper was installed per
8   project specifications and permitted for use; (5) whether FBI was
9   entitled to withhold payments to ET; and (6) whether FBI offered to
10  pay ET all moneys owed within 90 days of completion of the project.

11       The parties dispute the exact date at which time FBI and KOO
12  returned the executed contract to ET; ET contends the contract was
13  not provided until June 18, 2005. Due to numerous project delays
14  (for which the parties dispute the cause of said delays) and the
15  failure to timely provide a copy of the job specifications to ET,
16  ET commenced work on the project on July 7, 2005. Since beginning
17  work on the project, ET had communicated to FBI the need for JV to
18  request an extension from the ACOE due to the significant delays ET
19  was experiencing not through the fault of its own.

20       ET's vice president, Leonard Bates, indicated to Mr. Flagg
21  that it would not be possible to complete the elevator portion of
22  the Project prior to August 31, 2005 due to alleged significant
23  delays unless ET's employees put in overtime on the Project. Mr.
24  Flagg requested that ET's employees put in the overtime to make the
25  Project happen, at which point, Mr. Bates informed Mr. Flagg that
26  his employees would need to be compensated for the additional
27  overtime. Mr. Flagg affirmatively stated that he would pay the
28  additional overtime of the ET employees for the purpose of

6

1  expediting completion of the Project, which was agreed to by Mr.
2  Bates.

3       Defendant FBI disputes whether upon the completion of the
4  initial inspection, ET completed the list of punchlist items.

5       On September 6, 2005, Mr. Corlew performed the final
6  inspection and accepted and signed off on the completed work by ET,
7  finding the work to be within Project specifications and compliant
8  with all applicable codes.  Later that day, Flagg acknowledged that
9  ET's obligations under the Subcontract had been completed based
10  upon the fact that ET was entitled to final payment for outstanding
11  moneys owed that FBI would be paying to ET on or about October 20,
12  2005.

13       B.  Defendants

14       1.  Whether there was sufficient time for ET to submit and
15  have all its submittals approved in time to order and receive
16  required materials to complete the work;

17       2.  Whether ET's initial submittals for the Project were
18  defective, requiring re-submittal, such that any purported delay in
19  the approval of ET's submittals was caused by ET's own negligence,
20  not by an other person or party;

21       3.  Whether FBI provided complete plans and specifications
22  for the Project to ET;

23       4.  Whether ET was delayed by its own failure to perform the
24  work in a timely manner, where ET agreed to start work on June 27,
25  2005, but did not begin work until July 7, 2005, where ET employees
26  would regularly arrive at the project site late and/or leave early
27  and where ET would sometimes send no employees to the project,
28  especially on Fridays;

7

1      5.    Whether ET waited until August 5, 2005, to voice any
2 complaint about the August 31, 2005 deadline;

3      6.    Whether FBI agreed to pay for overtime for ET to meet the
4 August 31, 2005 deadline;

5      7.    Whether ET was entitled to overtime compensation without
6 a written modification, where the Subcontract proscribed additional
7 pay for accelerating the work to meet the deadline without a
8 written modification and where there is no written modification;

9      8.    Whether the work performed by ET was required under ET's
10 original scope of work and, therefore, did not constitute "extra
11 work;"

12      9.    Whether ET's failure to meet the Project specifications,
13 and the ACOE's refusal to accept ET's work as complete, constitutes
14 a breach of contract sufficient to preclude any recovery by ET;

15      10.   Whether ET's failure to meet the Project specifications,
16 and the ACOE's refusal to accept ET's work as complete, entitled
17 the joint venture to withhold payment;

18      11.   Whether ET's refusal to replace the governor and governor
19 cable constituted a breach of contract sufficient to preclude any
20 recovery by ET;

21      12.   Whether ET's refusal to turn on the elevator after it
22 purportedly completed its work, attempting to force the joint
23 venture to pay ET, constituted either a breach of contract or
24 "unclean hands" sufficient to preclude any recovery by ET;

25      13.   Whether ET's removal of the computer for the elevator in
26 an attempt to force the joint venture to pay ET (an act considered
27 criminal by the owner and the Department of Homeland Security),
28 constituted either a breach of contract or "unclean hands"

8

1 │ sufficient to preclude any recovery by ET;

2 │     14. Whether ET's retention of the keys to the elevator in an
3 │ attempt force the joint venture to pay ET, constituted either a
4 │ breach of contract or "unclean hands" sufficient to preclude any
5 │ recovery by ET;

6 │     15. Whether ET's failure to properly install the Rope Gripper
7 │ constituted a breach of contract sufficient to preclude any
8 │ recovery by ET;

9 │     16. Whether ET's failure and refusal to promptly repair the
10 │ Rope Gripper in an attempt force the joint venture to pay ET,
11 │ constituted either a breach of contract or "unclean hands"
12 │ sufficient to preclude any recovery by ET;

13 │     17. Whether ET's repeated refusal to accept the directions of
14 │ the joint venture or the owner constituted a breach of contract
15 │ sufficient to preclude any recovery by ET;

16 │     18. Whether, if ET is somehow entitled to overtime, ET's
17 │ claim for overtime is artificially inflated, where the overtime
18 │ premium it seeks to impose calculates out to $300.00/ hour;

19 │     19. Whether ET's artificially inflated claim for overtime
20 │ constitutes a fraudulent claim; and

21 │     20. Whether ET's refusal to accept tender of the contract
22 │ balance after ET's work was finally accepted as complete by the
23 │ ACOE precludes ET's claim for interest and/or attorney fees.

24 │                 VI. DISPUTED EVIDENTIARY ISSUES

25 │     None.

26 │                   VII. RELIEF SOUGHT

27 │     A. Plaintiff

28 │     ET contends it is owed $79,129.33 which includes $37,176.75

9

owing on the original Subcontract, $34,350.00 for overtime wages
that David Flagg agreed to reimburse ET for during the August 18,
2005 Project meeting, as well as $7602.58 for interest owing on the
outstanding balance and additional costs incurred by JV since the
August 31, 2005 ET completion of the Project, as well an award of
attorneys' fees and costs.

B.    Defendants

Defendants seek a determination that ET receive nothing by way
of its complaint.  ET's numerous breaches of contract, bad faith,
unclean hands and fraudulent conduct should preclude recovery of
any amount.

To the extent ET is entitled to any recovery, Defendants
contend that ET is owed no more than $34,877.50, which is the
actual balance of its contract.  ET is owed nothing for interest or
attorney fees because FBI tendered the balance of the Subcontract
price within 90 days after the ACOE finally accepted ET's work as
complete.  ET is owed nothing for overtime because (1) Dave Flagg
did not agree to pay overtime; and even if he had (2) an oral
modification of a contract regarding a pre-existing obligation is
unenforceable as a matter of law; and (3) ET's demand for $300/hr.
for overtime is fraudulent.

FBI is owed liquidated damages of $1,480 for every day the
Project remained incomplete after August 31, 2005, for up to 588
days and $870,240.00, according to proof

VIII. POINTS OF LAW

Trial briefs shall be filed with the court no later than seven
(7) days prior to the date of trial, i.e., June 1, 2009. Any points
of law not previously argued to the Court should be briefed in the

10

```
 1 │ trial briefs.
 2 │                    IX. ABANDONED ISSUES
 3 │      The parties are not aware of any abandoned issues in this
 4 │ case.
 5 │                        X.   WITNESSES
 6 │      Plaintiff and Defendants anticipate calling the following
 7 │ witnesses:
 8 │      1.   Leonard Bates, Elevator Technology.
 9 │      2.   Peggy Bates, Elevator Technology.
10 │      3.   Ryan Bates, Elevator Technology.
11 │      4.   Chris Fuerrera, Elevator Technology.
12 │      5.   David Flagg, Flagg Building Improvements.
13 │      6.   Keith Odister, KOO Construction.
14 │      7.   Michael Graham, Hollister-Whitney Elevator Corporation.
15 │      8.   Michael Corlew, Pitfield & Associates.
16 │      9.   Jerry Orbitz, prior Flagg Building Improvements employee.
17 │      10.  Troy Smith, Nutter Electric.
18 │      11.  Russell Thorne, Army Corps of Engineers.
19 │      12.  Alton Bailey, KOO Construction.
20 │      13.  Diana Bonnet, Flagg Building Improvements.
21 │      14.  Plaintiff's Expert, John W. Koshak, 10207 Shrewsbury Run
22 │ W., Collierville, TN.
23 │      15.  Defendants' FBI's Expert, Michael Fagan, JSG Elevator
24 │ Consultants, San Jose, CA.
25 │      Each party may call a witness designated by the other.
26 │      A.   No other witnesses will be permitted to testify unless:
27 │           (1)   The party offering the witness demonstrates that the
28 │ witness is for the purpose of rebutting evidence which could not be
```

11

1 reasonably anticipated at the Pretrial Conference, or

2          (2)   The witness was discovered after the Pretrial

3 Conference and the proffering party makes the showing required in

4 "B" below.

5     B.   Upon the post-Pretrial discovery of witnesses, the

6 attorney shall promptly inform the court and opposing parties of

7 the existence of the unlisted witnesses so that the court may

8 consider at trial whether the witnesses shall be permitted to

9 testify.   The evidence will not be permitted unless:

10          (1)   The witnesses could not reasonably have been

11 discovered prior to Pretrial;

12          (2)   The court and opposing counsel were promptly

13 notified upon discovery of the witnesses;

14          (3)   If time permitted, counsel proffered the witnesses

15 for deposition;

16          (4)   If time did not permit, a reasonable summary of the

17 witnesses' testimony was provided opposing counsel.

18              XI. EXHIBITS, SCHEDULES AND SUMMARIES

19     Plaintiff and Defendants intend to introduce the following

20 Joint Exhibits, which are attached to this Amended Pretrial

21 Conference Order as Exhibit A.

22     In addition to the Joint Exhibits identified above, Plaintiff

23 intends to introduce the following exhibits, which are attached to

24 this Amended Pretrial Conference Order as Exhibit B.

25     In addition to the Joint Exhibits, Defendants' Flagg Building

26 Improvements and Travelers Casualty and Surety Company of America

27 intend to introduce the following exhibits, which are attached to

28 this Amended Pretrial Conference Order as Exhibit C.

1    Each party may use an exhibit designated by the other.

2        A.    No other exhibits will be permitted to be introduced
3    unless:

4            (1)    The party proffering the exhibit demonstrates that
5    the exhibit is for the purpose of rebutting evidence which could
6    not be reasonably anticipated at the Pretrial Conference, or

7            (2)    The exhibit was discovered after the Pretrial
8    Conference and the proffering party makes the showing required in
9    paragraph "B," below.

10       B.    Upon the post-Pretrial discovery of exhibits, the
11   attorneys shall promptly inform the court and opposing counsel of
12   the existence of such exhibits so that the court may consider at
13   trial their admissibility.    The exhibits will not be received
14   unless the proffering party demonstrates:

15           (1)    The exhibits could not reasonably have been
16   discovered prior to Pretrial;

17           (2)    The court and counsel were promptly informed of
18   their existence;

19           (3)    Counsel forwarded a copy of the exhibit(s) (if
20   physically possible) to opposing counsel.    If the exhibit(s) may
21   not be copied, the proffering counsel must show that he has made
22   the exhibit(s) reasonably available for inspection by opposing
23   counsel.

24       As to each exhibit, each party is ordered to exchange copies
25   of the exhibit not later than fourteen (14) days before trial.
26   Each party is then granted five (5) days to file and serve
27   objections to any of the exhibits.    In making the objection, the
28   party is to set forth the grounds for the objection.    The attorney

13

| 1 | for each party is directed to appear before and present an original |
| 2 | and one (1) copy of said exhibit to Harry Vine, Deputy Courtroom |
| 3 | Clerk, at 8:30 a.m. on the date set for trial or at such earlier |
| 4 | time as may be agreed upon.  As to each exhibit which is not |
| 5 | objected to, it shall be marked and may be received into evidence |
| 6 | on motion and will require no further foundation.  Each exhibit |
| 7 | which is objected to will be marked for identification only. |
| 8 | XII. DISCOVERY DOCUMENTS |
| 9 | None at issue. |
| 10 | XIII. FURTHER DISCOVERY OR MOTIONS |
| 11 | Pursuant to the court's Status Conference Order, all discovery |
| 12 | and law and motion was to have been conducted so as to be completed |
| 13 | as of the date of the Pretrial Conference other than the discovery |
| 14 | specifically allowed pursuant to the Court's Orders of April 8, |
| 15 | 2009 (Docket #96), April 20, 2009 (Docket #98) and April 28, 2009 |
| 16 | (Docket #101).  These orders are confirmed.  The parties are free |
| 17 | to do anything they desire pursuant to informal agreement. |
| 18 | However, any such agreement will not be enforceable in this court. |
| 19 | XIV. STIPULATIONS |
| 20 | The parties are amenable to appropriate stipulations, but at |
| 21 | this point have not determined that any are necessary. |
| 22 | XV. AMENDMENTS/DISMISSALS |
| 23 | This issue is not applicable to this trial. |
| 24 | XVI. FURTHER TRIAL PREPARATION |
| 25 | A.    Counsel are directed to Local Rule 16-285 regarding the |
| 26 | contents of trial briefs.  Such briefs should be filed seven (7) |
| 27 | days prior to trial. |
| 28 | B.    Counsel are further directed to confer and to attempt to |

14

1  agree upon a joint set of jury instructions.  The joint set of
2  instructions shall be lodged with the court clerk seven (7)
3  calendar days prior to the date of the trial and shall be
4  identified as the "Jury Instructions Without Objection."  As to
5  instructions as to which there is dispute the parties shall submit
6  the instruction(s) as its package of proposed jury instructions the
7  three days before trial.

8        The parties are requested to submit a disc of all proposed
9  jury instructions in word perfect 8.0.

10       C.    It is the duty of counsel to ensure that any deposition
11  which is to be used at trial has been filed with the Clerk of the
12  Court.  Counsel are cautioned that a failure to discharge this duty
13  may result in the court precluding use of the deposition or
14  imposition of such other sanctions as the court deems appropriate.

15       D.    The parties are ordered to file with the court and
16  exchange between themselves not later than one (1) week before the
17  trial a statement designating portions of depositions intended to
18  be offered or read into evidence (except for portions to be used
19  only for impeachment or rebuttal).

20       E.    The parties are ordered to file with the court and
21  exchange between themselves not later than one (1) week before
22  trial the portions of Answers to Interrogatories which the
23  respective parties intend to offer or read into evidence at the
24  trial (except portions to be used only for impeachment or
25  rebuttal).

26       F.    Each party may submit proposed voir dire questions the
27  party would like the court to put to prospective jurors during jury
28  selection.  Proposed voir dire should be submitted one (1) week

15

1 prior to trial.

2 G.   In limine motions may be addressed in the trial brief or
3 filed separately.   If filed separately, in limine motions shall be
4 filed at least ten (10) days prior to trial.   Opposition briefs
5 shall be filed five (5) days prior to trial.   No reply briefs may
6 be filed.

7                         XVII. SETTLEMENT NEGOTIATIONS

8      No further formal Settlement Conferences will be set in this
9 case.

10                         XVIII. AGREED STATEMENTS

11      See paragraph III, *supra*.

12                         XIX. SEPARATE TRIAL OF ISSUES

13      The parties do not believe that separate bifurcation as to any
14 of the issues are necessary, with the exception of bifurcating a
15 determination of an award of attorney fees if any.

16               XX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

17      The parties do not believe that any additional limitation or
18 separate appointment of expert is necessary.

19                         XXI. ATTORNEYS' FEES

20      The matter of the award of attorneys' fees to prevailing
21 parties pursuant to statute will be handled by motion in accordance
22 with Local Rule 54-293.

23                         XXII. MISCELLANEOUS

24      None at this time.

25          XXIII. ESTIMATE OF TRIAL TIME/TRIAL DATE

26      The parties will have four (4) to five (5) court days for
27 trial.   Trial will commence on June 8, 2009, at 9:00 a.m. and
28 conclude by June 13, 2009 absent further order of the Court.

16

1    Counsel are to call Harry Vine, Courtroom Deputy, at

2    (916) 930-4091, one week prior to trial to ascertain the status of

3    the trial date.

4                    XXIV. OBJECTIONS TO PRETRIAL ORDER

5        Each party is granted seven (7) days from the date of this

6    Pretrial Order to object to it.

7        IT IS SO ORDERED.

8        DATED: May 14, 2009.

9

10                                       JOHN A. MENDEZ
                                         United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A: JOINT EXHIBITS

| EXH. # | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
| 1. | September 21, 2004 FBI/KOO & Travelers Casualty and Surety Company Performance Bond, Bates Nos. ET-0001-0008 | | |
| 2. | FBI/KOO Subcontract Agreement with Elevator Technology | | |
| 3. | October 19, 2004 FBI/KOO contract with United States of America, through the United States Army Corps of Engineers for Folsom Dam Improvement Project, | | |
| 4. | Folsom Dam Job Specifications and Plans | | |
| 5. | Hollister-Whitney Elevator Corporation instructions, correspondence and reporting relating to "Rope Gripper" | | |
| 6. | 5/23/05 Elevator Technology, Inc. Invoice No. 19586, Bates No. ET-0009 | | |
| 7. | 7/15/05 Elevator Technology, Inc. Invoice No. 19926, Bates No. ET-0010 | | |
| 8. | 8/18/05 Elevator Technology, Inc. Invoice No. 20070, Bates No. ET–0011 | | |
| 9. | 8/18/05 Elevator Technology, Inc. Invoice No. 20071, Bates No. ET–0012 | | |
| 10. | 9/6/05 Elevator Technology, Inc. Invoice No. 20072, Bates No. ET–0013 | | |
| 11. | 9/15/05 Elevator Technology, Inc. Invoice No. 20219, Bates No. ET-0014 | | |
| 12. | 9/15/05 Elevator Technology, Inc. Invoice No. 20220, Bates No. ET-0015 | | |
| 13. | 1/25/06 Elevator Technology, Inc. Invoice No. 20896, Bates No. ET-0016 | | |
| 14. | 10/6/05 Fax to FBI/KOO from ET, Bates No. ET-0035 | | |
| 15. | 12/31/05 Elevator Technology, Inc. Statement, Bates No. ET–0017 | | |
| 16. | 1/24/06 Email from Baksys to ET, Bates Nos. ET-0066-ET0067 | | |
| 17. | 1/25/06 Email string, Bates Nos. ET-0068-ET-0070 | | |
| 18. | 4/4/06 Email string, Bates Nos. ET-0092-ET-0093 | | |
| 19. | 5/26/06 Email string, Bates No. ET-0094 | | |
| 20. | 10/4/05 Contractors QCR Daily Log | | |
| 21. | 4/20/07, Project Log, installation acceptable, Bates No. ET-0038 | | |
| 22. | 4/19/07 inspection report, Bates No. ET-0036 | | |
| 23. | 6/8/05 Submittal Register | | |

| EXH. # | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
| 24. | Undated "Request from Elevator Technology Warranty Information" | | |
| 25. | 4/20/07 Inspectors QAR Daily Log | | |
| 26. | 8/22/05 – 9/2/05 Chart of Employees on Site | | |
| 27. | July 2005 Sign-In Sheets | | |
| 28. | 10/3/05 overtime hours Bates No. ET-0018 | | |
| 29. | 10/3/05 stop switch Bates No. ET-0019 | | |
| 30. | 10/3/05 hoisting vent Bates No. ET-0020 | | |
| 31. | 10/6/05 elevator keys Bates No. ET-0021 | | |
| 32. | 5/23/03 Fax to Flagg from ET re all equipment approved, Bates No. ET-0024 | | |
| 33. | 8/26/ Fax from Flagg to ET, re work on Sunday, Bates No. ET-0022 | | |
| 34. | 2/1/05 email from FBI to ET – Dave Flagg is contact Bates No. ET-0039-40 | | |
| 35. | 2/4/05 email from FBI to ET re no one knows where original package went, Bates No. ET-0041-ET-0042 | | |
| 36. | 2/10/05 email from Leonard Bates to Lisa Pinguelo re contact for project, Bates No. ET-0043 | | |
| 37. | 2/10/05 email from Dave Flagg to Lisa Pinguelo re current working schedule | | |
| 38. | 2/22/05 Fax to Flagg from P. Bates re items required for submittals | | |
| 39. | 2/25/05 letter to FBI/KOO from Bates re: change elevator machine rm layout, Bates No. ET-0023 | | |
| 40. | 4/15/05 email from Dave to Matt Alix re Folsom Time line | | |
| 41. | 5/31/05 email to Peggy and Leonard from Dave Flagg re follow up doors ordered | | |
| 42. | 6/15/05 letter to FBI/KOO from ACOE re late submissions, Bates Nos. ET-0025-ET-0026 | | |
| 43. | 6/23/05 Fax to FBI/KOO from ET re key for gate, Bates No. ET-0027 | | |
| 44. | 6/30/05 Folsom Dam Elevator Schedule | | |
| 45. | 7/21/05 email from Dave Flagg to Bates, et al. re RFP0021 sketch | | |
| 46. | 8/8/05 email from Dave Flagg to Al Bailey re Elevator Schedule 7/19/05 | | |
| 47. | 8/16/05 Fax to Flagg from ET, Bates No. ET–0028 | | |
| 48. | 8/18/05 Folsom Dam Elevator Schedule | | |
| 49. | 8/18/05 letter to Flagg from ET re lack of cooperation, Bates No. ET-0029 | | |

| EXH. # | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
| 50. | 8/26/05 Fax to Flagg from ET re elevator inspection, Bates No. ET-0030 | | |
| 51. | 8/29/05 letter to ET from Flagg re credit for governor cable, Bates No. ET-0031 | | |
| 52. | 9/4/05 email from FBI to ET re exhaustion of contract funds, Bates No. ET-0044 | | |
| 53. | 9/6/05 email from Bates to FBI re exhaustion of contract funds/request for payment, Bates No. ET-0045 | | |
| 54. | 9/7/05 email from ET to FBI re controller inspection, Bates No. ET-0046-ET-0047 | | |
| 55. | 9/12/05 letter to ET from Flagg re requesting $14,312.50 in overtime | | |
| 56. | 9/13/05 Fax to Flagg from ET re submittal date, Bates No. ET-0032 | | |
| 57. | 9/20/05 letter to FBI/KOO from ET re response to 9/12/05 letter certified payroll, Bates No. ET-0033-ET-0034 | | |
| 58. | 9/21/05 letter to ET from Flagg re ready to start | | |
| 59. | 9/22/05 letter to KOO from Bates re 48-hour notice to complete | | |
| 60. | 9/30/05 email from Baksys to Bonnett re Consultant/CO Inspection | | |
| 61. | 11/30/05 email from Larry Smith to Diana Bonnett re contact requirements not waived | | |
| 62. | 12/12/05 email string from Bonnett to Bates re breakdown for safties, Bates Nos. ET-0048-ET-0051 | | |
| 63. | 1/7/06 email from Bates to ACOE re payment and performance bond, Bates Nos. ET-0052-ET-0053 | | |
| 64. | 1/20/06 email from ET to FBI re response to 12/8/05 letter BOR blocked doors, ET-0061-ET-0063 | | |
| 65. | 1/23/06 email from Bonnett to ET re certified payroll, Bates Nos. ET-0064-ET-0065 | | |
| 66. | 7/7/06 email string – Bates to Flagg– Blaskas report ET0099-100 | | |
| 67. | 8/30/06 Fax – from Hollister-Whitney to Bates re rope gripper installation, Bates Nos. ET-0101-ET-0102 | | |
| 68. | 1/25/07 email string – Flagg to ET– request for time extension ET0105-107 | | |
| 69. | 4/19/07 letter re rope gripper modifications final approval, Bates No. ET-0037 | | |
| 70. | Invitation to Bid – August 2004 | | |
| 71. | Invitation for Bids ACOE | | |

3

| EXH. # | DESCRIPTION | IDENTIFIED | ADMITTED |
|--------|-------------|------------|----------|
| 72. | Elevator Repair Bid | | |
| 73. | 8/17/05 Minutes of Weekly Coordination Meeting | | |
| 74. | 9/28/05 Elevator Meeting | | |
| 75. | 10/12/05 Minutes of Weekly Coordination Meeting | | |
| 76. | 10/19/05 Minutes of Weekly Coordination Meeting | | |
| 77. | 11/30/05 Minutes of Weekly Coordination Meeting | | |
| 78. | 12/7/05 Minutes of Weekly Coordination Meeting | | |
| 79. | 12/14/05 Minutes of Weekly Coordination Meeting | | |
| 80. | 4/24/09 Petition to Correct/Vacate Contractual Arbitration Award | | |
| 81. | 8/12/04 Joint Venture Agreement | | |
| 82. | 4/5/06 Stipulation and Proposed Order re Arbitrator's Final Award | | |
| 83. | 5/30/06 Final Arbitrator's Decision | | |
| 84. | 12/10/08 Supplementary Arbitrator's Decision | | |
| 85. | 2/23/09 Supplementary Arbitrator's Decision | | |

4

# EXHIBIT B: PLAINTIFF'S EXHIBITS

| EXH. # | DESCRIPTION | IDENTIFIED | ADMITTED |
|--------|-------------|------------|----------|
| A. | August 2005 – Sign-In sheets | | |
| B. | 2/11/05 Fax to Flagg & Koo from ET re items required for submittals | | |
| C. | 5/2/05 Fax to ET from Flagg re final layout COE approved | | |
| D. | 8/16/05 letter to ET from Bonnett re certified payroll | | |
| E. | 4/1/05 – 10/10/05 Certified Payroll | | |
| F. | Plaintiff's Expert Report | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C: DEFENDANTS' EXHIBITS

| EXH. # | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
| 115 | Department of Defense Priorities and Allocations Manual | | |
| 116 | 4/29/05 Transmittal of Shop Drawings, Equipment Data, Material Samples or Manufacturer's Certificates of Compliance | | |
| 117 | 4/21/05 Folsom Dam Elevator Schedule | | |
| 118 | 7/25/05 Folsom Dam Elevator Schedule | | |
| 119 | 8/17/05 Folsom Dam Elevator Schedule | | |
| 120 | 8/23/05 Folsom Dam Elevator Schedule | | |
| 121 | 8/30/05 Folsom Dam Elevator Schedule | | |
| 122 | 10/31/05 Flagg QA Punchlist still outstanding for close out | | |
| 123 | 1/12/06 email string from Bailey to ET re progress payments, Bates Nos. ET-0054-ET-0057 | | |
| 124 | 1/16/06 email from R. Honeyman to ET re Test report of EPROMS, Bates Nos. ET-0058-ET-0060 | | |
| 125 | 2/13/06 email string from Bates to Bonnett re: lien releases, Bates Nos. ET-0077-ET-0079 | | |
| 126 | 2/20/06 email string from Bonnett to ET, Bates Nos. ET-0080-ET-0085 | | |
| 127 | 3/7/06 email string from Bonnett to ET re elevator permit, Bates Nos. ET0086-ET-0088 | | |
| 128 | 3/10/06 email string –bonnett to ET – Elevator inspection ET0089-91 | | |
| 129 | 6/27/06 letter to FBI from Capitol Elevator enclosing Blaska report – 0095-98 | | |
| 130 | 8/15/06 Letter to FBI/KOO from Baksys re Improper Rope Gripper Mounting | | |
| 131 | 11/10/06 email string from Bates to Dave re rope gripper, Blaska report, Bates Nos. ET-0103-ET-0104 | | |
| 132 | 1/30/07 email string from Flagg to ET re 3-day notice and comments, Bates Nos. ET-0108-ET-0109 | | |
| 133 | 2/1/07 email and letter from Flagg to ET re submittal corrections, Bates Nos. ET-0110-ET-0111 | | |
| 134 | 2/6/07 email string from Bates to Dave re Submittal corrections, Bates Nos. ET-0112-ET-0114 | | |
| 135 | 2/6/07 email from Flagg to Bates re missing submittal corrections, Bates No. ET-0115 | | |
| 136 | 2/6/07 email string from Flagg to ET re submittal corrections response, Bates Nos. ET-0116-ET-0119 | | |

| EXH. # | DESCRIPTION | IDENTIFIED | ADMITTED |
|--------|-------------|------------|----------|
| 137 | 2/26/07 email from Flagg to ET re Final engineering rope brake response, Bates No. ET-0120 | | |
| 138 | 3/23/07 email from Bates to Dave re ACOE response to rope brake engineering, Bates No. ET-0121 | | |
| 139 | 3/26/07 email from Bates to Dave re Rope Gripper Mount Repair Date request, Bates Nos. ET-0122-ET-0125 | | |
| 140 | 4/10/07 email from Bates to Dave re Rope gripper modification, Bates No. ET-0126 | | |
| 141 | 4/18/07 email string from Bates to Dave re Repairs, Bates Nos. ET-0127-ET-0132 | | |
| 142 | 4/19/07 letter re rope gripper modifications final approval, Bates No. ET-0037 | | |
| 143 | 8/7/07 letter to Trost from Krogh re willing to release funds, Bates No. ET-0133 | | |
| 144 | 7/9/05 -9/17/05 Certified Payroll | | |
| 145 | 11/7/06 Letter From FBI to ET re: Engineering Drawings | | |
| 146 | 11/22/06 E-mail between Bates & Flagg re: Rope Gripper | | |
| 147 | 1/12/07 Letter from ACOE to FBI/KOO re: comments re rope gripper | | |
| 148 | 1/16/07 Fax FBI to ET | | |
| 149 | 1/16/07 Notice to Perform from FBI to ET | | |
| 150 | 1/22/07 Letter FBI to ET re: Extension of Time | | |
| 151 | 1/22/07 Fax from FBI to ET re: extension of time | | |
| 152 | 1/26/07 3-Day Notice To Perform from FBI to ET | | |
| 153 | 1/26/07 Letter FBI to ET re Rope Gripper Comments | | |
| 154 | 1/26/07 Fax from FBI to ET | | |
| 155 | 3/26/07 Fax FBI to ET re: Rope Gripper Repair Date Request | | |
| 156 | 4/20/07 Fax FBI to ET re: Repair Approval | | |
| 157 | 2 Color Photos of Rope Gripper Installation Bolts | | |
| 158 | Undated 3 page submittal information re: "Red Head" anchoring systems | | |
| 159 | Sign in/sign out sheets for 8/22-05 to 8/31/05 | | |
| 160 | 10/11/05 Pitfield Inspection memo | | |
| 161 | 10/13/05 Pitfield Inspection memo | | |
| 162 | 10/18/05 Pitfield Inspection memo | | |
| 163 | 11/3/05 Pitfield Inspection memo | | |

| | EXH. # | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|---|
| 1 | | | | |
| 2 | 164 | 11/17/05 Letter FBI/KOO to ET re: outstanding items | | |
| 3 | 165 | 12/2/05 Letter FBI/KOO to ET re: outstanding items | | |
| 4 | 166 | 2/8/06 Letter ET to ACOE re: elevator car weight | | |
| 5 | 167 | 3/6/06 Email Cynthia Baksys to L. Bates re: elevator permit | | |
| 6 | 168 | 5/26/06 Email Bonnet to Baksys re: elevator safeties | | |
| 7 | 169 | 8/15/06 Letter ACOE to FBI/KOO re: improper rope gripper mounting | | |
| 8 | | | | |
| 9 | 170 | 2/20/05 Drawing by ET entitled "Revised Machine Rm. Layout" | | |
| 10 | 172 | 8/26/05 Fax Cover & E-mail from FBI to ET re: Gov. Rope Replacement | | |
| 11 | 172 | 9/12/05 Letter FBI/KOO to ET re: overtime request | | |
| 12 | 173 | 1/13/06 E-mail Baksys to Bonnett re: elevator safeties | | |
| 13 | 174 | 1/24/06 E-Mail Bonnett to ET re: Trip Meter/EPROMS | | |
| 14 | 175 | 1/27/06 E-mail string Bonnett to ET "re: Trip Meters/EPROMS 1/24/06" | | |
| 15 | | | | |
| 16 | 176 | 1/31/06 E-mail string Bonnett to ET "re: Trip Meters/EPROMS 1/24/06" | | |
| 17 | 177 | Undated Specs re: elevator downtime | | |
| | 178 | 2/1/05 E-mail Bates to Pinuelo re: Folsom Dam | | |
| 18 | 179 | 2/11/05 Fax Peggy Bates to FBI/KOO re: submittals | | |
| 19 | 180 | 3/28/05 ET resume | | |
| 20 | 181 | 4/15/05 E-mail Dave Flagg to Matt Alix re Folsom Elevator Timeline | | |
| 21 | 182 | 4/19/06 Construction Schedule | | |
| 22 | 183 | 4/29/05 Submittals | | |
| | 184 | 5/20/05 Fax ET to FBI with Drawing attached | | |
| 23 | 185 | 5/31/05 E-mail Dave Flagg to ET re: Folsom Lead Times | | |
| 24 | 186 | 6/28/05 Construction Schedule | | |
| 25 | 187 | 7/5/05 Construction Schedule | | |
| 26 | 188 | 7/14/05 Color Picture of Hole in Dam Tower | | |
| 27 | 189 | 7/19/05 Construction Schedule | | |
| | 190 | 7/19/05 Submittal register review | | |
| 28 | 191 | 7/23/05 Construction Schedule | | |
| | 192 | 8/1/05 Construction Schedule | | |

| EXH. # | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
| 193 | 8/2/05 Construction Schedule | | |
| 194 | 8/8/05 Email from Dave Flagg to Al Bailey re: Folsom 7/19/05 Elevator Schedule | | |
| 195 | 8/9/05 Fax FBI to Peggy | | |
| 196 | 8/11/05 Letter from Flagg to ET re Folsom Dam | | |
| 197 | 8/12/05 & 8/16/05 faxes Flagg to ET re: 8/17/05 meeting | | |
| 198 | 8/16/05 Handwritten schedule | | |
| 199 | 8/16/05 Construction Schedule | | |
| 200 | 8/18/05 Construction Schedule | | |
| 201 | 8/23/05 Construction Schedule | | |
| 202 | 8/30/05 Construction Schedule | | |
| 203 | 9/21/05 Letter FBI/KOO to ET re: Elevator Upgrade | | |
| 204 | 9/30/05 E-mail form Smith to Baksys re: consultant/co inspection | | |
| 205 | 9/30/05 E-mail from Smith to FBI/KOO re consultant/co inspection | | |
| 206 | 10/3/05 E-mail Bonnett to ET re: elevator components | | |
| 207 | 10/4/05 Letter FBI/KOO to ET re: keys | | |
| 208 | 10/6/05 E-mail Bonnett to ET re: closeout Elev. Portion | | |
| 209 | 10/7/05 Conditional Waiver re: motion control engineering | | |
| 210 | 10/10/05 Letter #1 Flagg to ET re: Closeout | | |
| 211 | 10/10/05 Letter #2 Flagg to ET re: Closeout | | |
| 212 | 10/13/05 Punchlist from ACOE to ET | | |
| 213 | 10/18/05 Punchlist from ACOE to ET | | |
| 214 | 11/3/05 Punchlist from ACOE to ET | | |
| 215 | 11/4/05 E-mail ET to Baksys re: bearing | | |
| 216 | 11/22/05 E-mail Bonnett to ET re: ET update | | |
| 217 | 11/23/05 E-mail Bonnett to Baksys re: phone | | |
| 218 | 11/30/05 E-mail Smith to Bonnett re: ET update | | |
| 219 | 12/1/05 E-mail Bonnett to ET re: certified payroll | | |
| 220 | 12/5/05 E-mail Bonnett to Baksys re: Folsom Dam Elevator | | |
| 221 | 12/12/05 Email Watson to Andrea at FBI re: Folsom Dam | | |
| 222 | 12/13/05 Email from Bonnett to Baksys re:ET | | |
| 223 | Undated Notes re: 2005 Apprentice Ratio | | |
| 224 | DOD Priorities & Allocations Manual | | |

| EXH. # | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
| 225 | Undated Spec Sheets re: Final Payment | | |
| 226 | Undated Warranty Info. Request | | |
| 227 | Undated Spec Sheets re: safety | | |
| 228 | 1/12/06 E-mail Bonnett to ET re: Training | | |
| 229 | 1/31/06 E-mail Bonnett to Smith FW: Video Taping | | |
| 230 | 2/6/06 Email Bonnett to ER re: Response to e-mail 1/31/06 | | |
| 231 | 2/6/06 E-mail L. Bates to Bonnett re: response to Red E-mail 1/31/06 | | |
| 232 | 3/6/06 Leonard Bates Response to Baksys E-mail | | |
| 233 | 7/10/06 Email Blaska to Bonnett re: Capitol Elevator | | |
| 234 | 7/19/06 Letter from FBI to Trost re: Deficient response | | |
| 235 | 8/1/06 Letter from FBI to Trost re: closeout submission | | |
| 236 | 9/7/06 Letter from FBI to Trost re: incorrect mounting of Rope Gripper | | |
| 237 | 9/19/06 Capitol Elevator Bid | | |
| 238 | 10/5/06 E-mail Bonnett to Flagg re: ET | | |
| 239 | 10/23/06 E-mail Baksys FW: Folsom Elevator | | |
| 240 | 10/31/06 E-mil Baksys to Beingessner re: ET | | |
| 241 | 1/22/07 Declaration of Diana Bonnett in support of motion for summary judgment | | |
| 242 | 1/22/07 Declaration of David Flagg in support of motion for summary judgment | | |
| 243 | 2/27/07 Supplemental Declaration of David Flagg in support of motion for summary judgment | | |
| 244 | 2/20/08 Declaration of Leonard Bates | | |
| 245 | 10/7/05 Conditional waiver re; Seismic Switch, Inc. | | |
| 246 | Color picture of Controller | | |
| 247 | Color picture of Elevator Car | | |
| 248 | Color Picture of Elevator profile | | |
| 249 | Color Picture of Equipment Room | | |
| 250 | Color Picture of Equipment room 2 | | |
| 251 | Color picture of Gripper mount | | |
| 252 | Color picture of Tower Hole Patch | | |
| 253 | Color Picture of Site office trailer 1 | | |
| 254 | Color Picture of Site office trailer 2 | | |
| 255 | Color Picture of Site office trailer 3 | | |

| EXH. # | DESCRIPTION | IDENTIFIED | ADMITTED |
|--------|-------------|------------|----------|
| 256 | Color Picture of Site office trailer 4 | | |
| 257 | Color Picture of Site office trailer 5 | | |
| 258 | Color picture of tower hole | | |
| 259 | Color picture of tower hole patch | | |
| 260 | 8/16/05 letter and attachments Bonnett to ET re: certified payroll | | |
| 261 | 2/10/05 E-mail Dave Flagg to Leonard Bates FW: Folsom Dam | | |
| 262 | Selected sign in sheets from 1/17/05 to 7/19/05 re: ET | | |
| 263 | Selected Sign in sheets from 7/20/05 to 9/16/05 re: ET | | |
| 264 | 2/17/05 Quality Control Report ("QCR") | | |
| 265 | 4/1/05 QCR | | |
| 266 | 4/5/05 QCR | | |
| 267 | 4/21/05 QCR | | |
| 268 | 4/22/05 QCR | | |
| 269 | 5/12/05 QCR | | |
| 270 | 5/23/05 QCR | | |
| 271 | 6/21/05 QCR | | |
| 272 | 7/1/05 QCR | | |
| 273 | 7/5/05 QCR | | |
| 274 | 7/11/05 QCR | | |
| 275 | 7/14/05 QCR | | |
| 276 | 7/18/05 QCR | | |
| 277 | 7/19/05 QCR | | |
| 278 | 9/6/05 QCR | | |
| 279 | 9/8/05 QCR | | |
| 280 | 9/15/05 QCR | | |
| 281 | 9/16/05 QCR | | |
| 282 | 10/4/05 QCR | | |